This is a suit for specific performance of a contract for the purchase of land, together with damages sustained by reason of the acts of defendants.
The Gould Ziegler Realty Co., Inc., owned a tract of land at Ideal Lake, Kennylawn borough, which it was seeking to develop as a summer colony. It was planned to put roads through the tract, but at the time of the making of the contract now sought to be enforced, the roads had not been built, nor had they been definitely located. Previous to the making of this contract, the Gould Ziegler Realty Co., Inc., had appointed F.D. Ford Land Development Co., Inc., agents for the sale of lots under a contract giving the agent the right to sell under certain specified conditions. The contract with complainant was dated on July 5th, 1926, and was executed in the name of the Gould Ziegler Company by the Ford Company, as agents. It read as follows:
"Gould Ziegler Realty Co., Inc., agrees to sell and Paul H. Hudson agrees to purchase Lot No. XXX located at `Ideal Lake,' Borough of Kennylawn, New Jersey. The agreed purchase price being $200.00, a deposit of $25.00 is hereby paid and acknowledged. It is further agreed that $175.00 less 5% be paid by Paul H. Hudson on or before three days after filing of map.
Signed:
F.D. FORD LAND DEV., INC. Agents for GOULD ZIEGLER REALTY CO., INC. PAUL H. HUDSON, Purchaser. Witness: EDW. HERWANDER. Date — July 5th, '26."
The map referred to in the contract was not yet in existence and there was no specific lot such as that designated in the contract as "XXX." It appears from the evidence that the purchaser and a representative of the selling agent did, however, pick out a parcel of land which adjoined a pathway or rudimentary roadway on the property and it seems that it was agreed that this would be the lot, to be acquired by complainant. It seems that within a few days the agent told complainant that the particular parcel selected had been sold or was *Page 64 
under contract to someone else, and accordingly the complainant and the agent picked out another tract nearby. Complainant paid the sum of $25, the receipt of which is acknowledged in the contract, but never made any further payment. The contract was never ratified by the Gould Ziegler Co., Inc., nor was its validity ever acknowledged by it. Complainant built a bungalow on the tract.
Later, when the area was laid out with regular roads in accordance with a map that was made, it was discovered that complainant's bungalow was in one of the roadways. No deed was ever executed to complainant, nor apparently was the deposit on the purchase price ever paid to the owner by the agent. By 1933 the Ford Company had dropped out as selling agent, and the Gould Ziegler Company thereupon conveyed the entire development to the defendants, Frank D. Fay, Jr., and Frank D. Fay, 3d. After the sale to the Fays, complainant executed an acknowledgment of his contract and recorded it in the office of the register of deeds.
It further appears from the testimony that while the Gould Ziegler Company never recognized complainant's rights in the tract of land on which his bungalow stood, it did make an effort to come to some sort of an adjustment and offered to allow complainant to move his bungalow to another tract, apparently upon paying the balance of the sums provided in the original agreement of sale. Nothing came of these negotiations since complainant insisted that he was entitled to the lot where his bungalow was. The Fays proceeded to clear the roadway and in doing so, demolished the bungalow by the use of a steam shovel owned by defendant Malochowsky. Complainant contends that he is entitled to a deed from the Fays to the lot, together with the value of the bungalow and that defendant Malochowsky as well as the Fays are liable for this damage.
Complainant's rights depend in the first instance upon whether he had a valid and enforceable contract against the Gould Ziegler Company. The binding effect of this contract depends in turn upon the authority granted to the Ford Company. Such authority as the Ford Company had was granted under an agreement between it and the Gould Ziegler Company, *Page 65 
dated May 25th, 1925. By its terms, the Ford Company was appointed exclusive sales agent, but only upon certain terms and conditions. All contracts were to be in a form provided in the agency agreement which differs materially from the one made with complainant. An initial deposit was to be made on all sales of twenty-five per cent. of the sale price, with which provision complainant's contract is again at variance. All contracts of sale were to be signed by the Gould Ziegler Company within three days after presentation by the agents. This was never done and the Gould Ziegler Company, as heretofore stated, never accepted the contract. The agency contract provides that after the initial payment of twenty-five per cent., the balance should be payable in eleven equal monthly installments without interest. There is an additional provision, however, that the purchaser may pay for lots at the rate of $25 per month with interest on unpaid balances of six per cent. As I construe the contract, this provision for payment with interest at the rate of $25 per month, as against eleven equal monthly payments without interest, does not affect the requirement of an original initial payment of twenty-five per cent. cash.
It would seem therefore that the Ford Company did not bind the Gould Ziegler Company by the document executed and delivered to complainant. It was not in the form provided in the sales agency contract. There was no initial payment of twenty-five per cent. of the purchase price. There was no presentation of the contract to the Gould Ziegler Company for ratification and signature by it.
Complainant would therefore seem to be really in the position of a trespasser or squatter upon the land. There would seem to be no ground for claiming an estoppel by reason of complainant's continued occupation of the land, since it would appear from the testimony that it was always contended that he had no rights therein. While the Fays took title, subject to existing sales agreement, this of course would be limited to such sales agreement as would be valid and enforceable.
I accordingly find that the contract of complainant was binding neither upon the Gould Ziegler Company nor upon the Fays, and the bill must be dismissed. In addition to the *Page 66 
dismissal on the ground that complainant's contract was executed outside the scope of the authority granted by the principal, complainant would not at any event be entitled to the relief sought for because of laches. He did not take any steps to enforce his claims for approximately seven years after the contract was executed, whereas it clearly appears that during substantially all that time his rights were denied.
In no event would the defendant Malochowsky be liable. It appears that the demolition of complainant's bungalow was effected by a steam shovel owned by Malochowsky. Its operation at the time was under an agreement whereby he rented the machine to the Fays and furnished an operator. Malochowsky had no control whatever over the operation of the steam shovel. The machine, therefore, was the instrument of the Fays and not of defendant Malochowsky, and he is not liable for any damages caused by its operation. Mere ownership by him of the machine is not sufficient to charge him with responsibility. Benvenuti v. Augersbach,111 N.J. Law 291.
A decree will be advised dismissing the bill against all the defendants.